**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4297**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TIMOTHY JAMES THORNE,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg.  Thomas E. Johnston, District Judge.  (6:13-cr-00148-1)

─────────────

Submitted:  September 29, 2014      Decided:  October 2, 2014

─────────────

Before MOTZ and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Jonathan D. Byrne, Appellate Counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy James Thorne pled guilty, pursuant to a plea agreement, to possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court sentenced him as a career offender to a within-Guidelines sentence of 156 months' imprisonment. Thorne appeals, claiming that the district court should have granted a downward variance based on his drug addiction. We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Thorne challenges on appeal only the substantive reasonableness of his sentence. See id. at 51. We presume that a sentence within a properly calculated advisory Guidelines range is reasonable, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Thorne argues that the district court failed to adequately take into account the motivating effect that his drug addiction had on his crimes and that the court's denial of a downward variance was therefore unreasonable. We disagree. The district court considered Thorne's drug addiction but concluded

2

that his lengthy criminal history warranted a sentence within the properly calculated advisory Guidelines range. Thorne has not rebutted the presumption that this conclusion was reasonable in light of the statutory sentencing factors.

Accordingly, we hold that the sentence imposed by the district court is substantively reasonable, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED